**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **JACK "JAY" PALMER, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No. 6:14-cv-00905** |
| | : | |
| **INFOSYS LIMITED; NARAYANA** | : | |
| **MURTHY; JEFFREY FRIEDEL; S.D.** | : | |
| **SHIBULAL,** | : | |
| | : | |
| **Defendants.** | : | |

---

**MOTION BY DEFENDANTS INFOSYS AND FRIEDEL TO DISMISS, ON RES
JUDICATA GROUNDS, ALL CLAIMS PREVIOUSLY LITIGATED TO A JUDGMENT
IN THE MIDDLE DISTRICT OF ALABAMA AND BRIEF IN SUPPORT OF THE
MOTION**

---

Defendants Infosys Limited and Jeffrey Friedel submit this Motion to Dismiss All Claims Previously Litigated to a Judgment in the Plaintiff's Lawsuit Filed in the Middle District of Alabama and Brief in Support ("Motion"). Defendants seek to dismiss, on *res judicata* grounds, all claims of harassment, threats, emotional and physical distress, and retaliation that plaintiff Palmer previously litigated to a judgment in the Middle District of Alabama. This is the third lawsuit Palmer has filed against Infosys, his former employer. As set forth more fully below, Palmer is attempting in this lawsuit to re-litigate certain claims of threats and harassment he already lost in his first lawsuit. The Court should dismiss those claims pursuant to Rule 12(b)(6), Fed. R. Civ. P.

I.      **HISTORY OF LITIGATION BETWEEN PALMER AND INFOSYS**

Infosys is an information technology outsourcing and consulting business headquartered in Bangalore, India, with offices and business operations throughout the world. The company's

United States headquarters is in Plano, Texas.   Jay Palmer is a computer consultant and a resident of Lowndes County, Alabama, who became an employee of Infosys in 2008.   Palmer remained an Infosys employee until November 29, 2013, when his resignation from employment at Infosys became effective.

As noted above, this case is Palmer's third against Infosys.   All arise out of Palmer's activities as a whistleblower reporting alleged visa fraud beginning in late 2010.   Palmer filed his first suit against Infosys in state court in Lowndes County, Alabama, on February 23, 2011, alleging Alabama state law claims of breach of contract; the tort of outrage; negligence and wantonness; negligent hiring, training, monitoring and supervising; and fraudulent misrepresentation.   These claims were based on Palmer's allegations that Infosys had retaliated against him for complaining about alleged visa fraud by subjecting him to threatening phone calls, e-mail monitoring, and a hostile work environment based on his American nationality and Christian religion. (*See* Complaint, attached hereto as Exhibit A). He also alleged that Infosys had failed to investigate his complaints, failed to pay him bonuses, changed his job assignments, forced him to work without "appropriate compensation," and put him "on the bench."   (*See* Ex. A). Infosys removed the case to the United States District Court for the Middle District of Alabama.   After completion of discovery and shortly before trial, the district court entered summary judgment in favor of Infosys and against Palmer on all claims.   (*See* Opinion and Order, attached hereto as Exhibit B).

Palmer's second lawsuit against Infosys was a qui tam action filed under seal pursuant to the federal False Claims Act, 31 U.S.C. §§ 3729-3733, sometime in March 2011, in federal court for the Eastern District of Texas (Case No. 11-CV-141). (*See* redacted Complaint, attached hereto as Exhibit C). Palmer alleged that Infosys had engaged in systemic visa fraud that

2

deprived the United States government of higher visa fees and Social Security and Medicare taxes, and that Infosys had altered and destroyed I-9 immigration forms.  Agencies of the United States government proceeded to conduct a two and one-half year criminal and civil investigation into the immigration and visa practices Infosys had been using to bring Indian employees to the United States.

The government brought no criminal charges arising out of its investigation.  In the fall of 2013, the government and Infosys entered into a settlement that resolved all claims and provided for a payment to Palmer as the qui tam relator.  (*See* Settlement Agreement between Infosys and the United States, attached hereto as Exhibit D). As part of the global agreement, the government filed a new False Claims Act civil lawsuit against Infosys in the Eastern District of Texas, Sherman Division, together with the settlement agreement that had been worked out between the government and Infosys.   (*See* Ex. D). The government acknowledged in the settlement agreement that Infosys had cooperated in the investigation.  (*See* Ex. D).  The global agreement required Palmer to dismiss with prejudice the qui tam action he had filed in 2011, and provided for a monetary payment to Palmer as the qui tam relator.  (*See* Ex. D).

In early 2014, Palmer filed a complaint with the Occupational Safety and Health Administration of the United States Department of Labor alleging that Infosys had violated the whistleblower protection provisions of the Sarbanes-Oxley Act (SOX) by harassing him, threatening him, coercing his resignation from the company in the fall of 2013, and refusing to rehire him after he resigned.  Complaint ¶ 14.  Palmer's OSHA filings are a prerequisite to filing this lawsuit under SOX, 18 U.S.C. § 1514A(b)(1)(B).

On October 2, 2014, Palmer filed this SOX and FCA retaliation action.  He includes allegations of death threats, demotion, reprimands, hostile work environment, denial of bonuses

and raises, and related acts, all of which occurred prior to or during the pendency of the Alabama lawsuit.  Complaint ¶¶99, 104, 105, 106, 107, 108, and 112.  It is the position of defendants Infosys Limited and Jeffrey Friedel that Palmer's claims for emotional distress and money damages arising out of the alleged harassment and threats that occurred prior to judgment in the Alabama case are barred by the doctrine of *res judicata*.  They have already been litigated and they are the subject of an unappealed final judgment in the Middle District of Alabama.

## II.    THE COURT SHOULD DISMISS MANY OF PALMER'S FACTUAL ALLEGATIONS AS BARRED BY THE DOCTRINE OF RES JUDICATA.

### A.    Legal Standard for Motion to Dismiss.

Rule 12(b)(6) allows for dismissal of a plaintiff's complaint when the plaintiff has failed to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  This Court should dismiss the claims already litigated in Alabama under the doctrine of *res judicata*.  Res judicata bars the litigation of claims that were or could have been litigated fully and fairly in an earlier lawsuit.  *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).  In determining whether to dismiss claims at the pleading stage, the Court may consider the allegations in the complaint, as well as documents incorporated into the complaint by reference, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, the authenticity of which is unquestioned.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  While res judicata is an affirmative defense generally pleaded in a defendant's answer (*Test Masters Educ. Servs., Inc.*, 428 F.3d at 570 n. 2) it may also be raised on a Rule 12(b)(6) motion.  This Court has found that res judicata may be properly raised on a motion to dismiss when "the facts are admitted or not controverted or are conclusively established."  *Meyers v. Textron, Inc,* 540 Fed. Appx. 408, 410 (5th. Cir., 2013) (internal citations omitted).  "When all relevant facts are shown by the court's

own records, of which the court takes notice, the defense [of res judicata] may be upheld on a Rule 12(b)(6) motion without requiring an answer." *Id.*

In this case, the Court should consider both the allegations in the Complaint as well as the Complaint and Summary Judgment Opinion and Order that were filed in the case in the United States District Court for the Middle District of Alabama.   These documents are records of judicial proceedings of which the Court may take judicial notice.  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publically-available documents and transcripts . . . which were matters of public record directly relevant to the issue at hand.").

### B. The Court Should Dismiss Palmer's Claims Already Litigated in the Alabama Action.

Dismissal on grounds of res judicata is appropriate when the moving party establishes the following elements:  (1) "[t]he parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded to a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 934 (5th Cir. 1999) (internal quotations and citations omitted).  Each of these elements is met in this case.

As to the identity of the parties, Palmer was the plaintiff in Alabama and Infosys was the defendant.  Palmer added three new defendants to the current matter – Narayana Murthy, Jeffrey Friedel and S.D. Shibulal – but all are former employees, officers or agents of Infosys and are therefore in privity with Infosys.  *See Grynberg v. BP, P.L.C.*, 527 Fed. Appx. 278, (5th Cir. Tex. 2013) (holding that the Chief Executive Officer was in privity with the company); *Henry v.*

*Farmer City State Bank*, 808 F.2d 1228, 1235 n.6 (7th Cir. 1986) (holding that directors, officers, and employees of a company are in privity with the company for purposes of res judicata).

The second and third elements for res judicata are likewise met because the Alabama case was litigated in a court of competent jurisdiction – the United States District Court for the Middle District of Alabama – and the Court issued a final judgment on the merits.  At the end of the discovery period, the Court considered the merits of the case and determined on summary judgment that there was no genuine issue of material fact that Palmer could prove any of the state law claims against Infosys.

Finally, the identity of claims requirement is met because this case involves many of the same claims Palmer made in the Alabama case.  This is obvious by comparing the two complaints and the Court's order entering judgment in Infosys's favor.  In resolving res judicata questions, the Fifth Circuit uses the transactional test, *In re Paige*, 610 F.3d 865, 872 (5th Cir. 2010), in which the prior judgment's preclusive effect extends to all potential claims of the plaintiff concerning "any part of the transaction, or series of connected transactions, out of which the original action arose." *Id.*  A subsequent claim is barred if it arises out of the "same nucleus of operative facts." *Id.*  Res judicata extends beyond claims that were actually raised and bars all claims that "could have been advanced in support of the cause of action on the occasion of its former adjudication. . . ." *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990).

In this case, Palmer alleges discrimination and retaliation in violation of SOX and the FCA arising out of his actions in complaining about particular conduct while employed by Infosys.  Specifically, Palmer alleges that he complained to Infosys concerning what he believed to be an "illegal visa scheme", "violations of federal immigration and tax laws", "violations of state and federal securities laws", "mail fraud and wire fraud".  (Complaint, ¶¶ 4, 6, and 7).

Palmer alleges that he first came to learn about the purported visa fraud in March 2010 (Complaint, ¶ 42), and when he complained about it, he was chastised by his managers and transferred.   (Complaint, ¶¶ 50-52).   He alleges that as a result of all of his complaints, Defendants subjected him to the following retaliatory actions: "denial of work, promotions, bonuses, raises, and other compensation, as well as subjecting him to blacklisting, threats, reduced responsibilities, hostile work environment, public criticism, demanding his resignation, terminating and constructively discharging Mr. Palmer's employment and refusing to rehire Mr. Palmer."  (Complaint, ¶¶ 142, 150).

While Palmer did not raise legal claims under SOX or the FCA in his Alabama action, the conduct upon which his state claims arose and the theory of his case was the same.   The District Court Judge in the Alabama case characterized Palmer's claims as retaliation claims:

> Palmer contends that, since his visa-fraud allegations he has been the target of a retaliation campaign.  His grievances can be grouped into two categories.  First, he contends that his bonuses have been adversely affected. . . .   Second, he submits that he has been the target of harassment.

(*See* Ex. B at 4-5).   In the instant action, Palmer reasserts the factual claims he made in his Alabama case and adds conduct that he claims occurred after the end of the Alabama case – specifically, his departure from Infosys and the refusal to rehire. The Court should limit Palmer's claims to only the conduct that occurred after the disposition of the Alabama case – on August 20, 2012.

The factual allegations contained in paragraphs 42, 45, 46, 49, 51, 52, 55, 56, 68, 70, 71 and 72 of the Complaint, detailing the Company's purported legal violations and Palmer's complaints to the Company regarding same are directly lifted from the complaint in the Alabama case.   While the detail ascribed to the factual allegations in the present Complaint has been fleshed out more extensively than in the Alabama complaint (which presumably is the result of

ongoing litigations for the last four years), the allegations themselves remained unchanged. These allegations include:

- In March 2010, Palmer attended meetings in India, during which management purportedly discussed the need to "creatively" get around H1-B restrictions.  (Complaint, ¶ 42;  Ex. A, ¶ 12).

- Palmer's managers allegedly instructed him to write false "welcome letters" to obtain B-1 visas, which he refused to do.  (Complaint, ¶¶ 45, 46, 49;  Ex. A, ¶¶ 16, 17).

- Palmer was purportedly chastised for not being a "team player" for refusing to sign the "welcome letters".  (Complaint, ¶¶ 49, 51; Ex. A, ¶ 18).

- Infosys allegedly transferred Palmer to a project in Chicago.  (Complaint, ¶ 52; Ex. A, ¶ 19).

- Infosys purportedly asked Palmer to rewrite contracts for the project, which he refused to do.  (Complaint, ¶¶ 55, 56; Ex. A, ¶ 19).

- Palmer reported these alleged violations to Jeffrey Friedel, who advised Palmer to call the Company's internal whistleblower hotline.  (Complaint, ¶¶ 68, 70, 71; Ex. A, ¶¶ 20, 23).

- Palmer filed a complaint with the internal whistleblower hotline.  (Complaint, ¶ 72; Ex. A, ¶ 27).

In his Alabama case, Palmer sought damages under state law claims for the following purported retaliatory, discriminatory and harassing conduct: threatening phone calls, email monitoring, hostile work environment, refusal to pay bonuses and other compensation, blacklisting and denial of work. (Ex. A, ¶ 29).  With the exception of demanding his resignation, terminating and constructively discharging Mr. Palmer's employment and refusing to rehire Mr. Palmer – all actions that he contends happened after the end of Alabama case – the alleged retaliatory behavior that Palmer includes in his Alabama Complaint is the same conduct he complains about in the instant lawsuit. *See* Complaint ¶¶99, 104, 105, 106, 107, 108 and 112. Since Palmer could have raised his SOX and FCA claims in the Alabama case, and since the District Court in Alabama entered judgment against Palmer and in favor of Infosys in that case,

this Court should bar Palmer from any recovery based upon conduct that happened prior to the summary judgment decision. Accordingly, the Court should only permit Palmer to continue to litigate this case based upon purported retaliation arising from his termination, refusal to be rehired – both of which occurred after August 20, 2012 – and any hostile work environment harassment claim based on conduct that occurred after August 20, 2012.

## III. CONCLUSION

For the reasons set forth herein, Infosys and Friedel respectfully request that the Court dismiss Palmer's retaliation claims to the extent that they are based on conduct that occurred prior to August 20, 2012 and issue a ruling clarifying that Palmer may only seek relief based upon alleged retaliatory conduct that occurred after that date.

Respectfully submitted,

*/s/ Michelle B. Brookshire*

Michelle B. Brookshire
Texas State Bar No. 24063970
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100 (Telephone)
214.880.0181 (Telecopier)
mbrookshire@littler.com


Edward T. Ellis (Lead Attorney) (*pro hac vice admission pending*)
Pennsylvania State Bar No. 23680

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3000 (Telephone)
267.402.3131 (Telecopier)
eellis@littler.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

On the 22nd day of December, 2014, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the court's Case Management/Electronic Case Filing System (CM/ECF).  I hereby certify that I have served all counsel and/or pro se parties of record electronically and/or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Michelle B. Brookshire*
Edward T. Ellis
Michelle B. Brookshire